UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNINGS NEAL NARANJO, and<br>MARY ANN NARANJO,<br><br>　　*Plaintiff*s,<br><br>v.<br><br>CONTINENTAL AIRLINES, INC.,<br><br>　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION H-12-657 |

### MEMORANDUM AND ORDER

Pending before the court is plaintiffs' motion to remand. Dkt. 2. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

Plaintiffs are Texas residents who sued Continental Airlines, Inc. ("Continental") in Texas state court seeking damages for "negligent and intentional physical injuries" caused on a flight from Tel Aviv, Israel, to Newark, New Jersey. Dkt. 1-3 at 6-12. Continental removed the case on March 3, 2012, asserting that this case falls within the court's diversity jurisdiction and, in the alternative, that federal question jurisdiction exists because the dispute in this case is governed by the Montreal Convention. Dkt.1. The court finds that diversity jurisdiction exits in this case and, accordingly, does not reach the issue of whether federal question jurisdiction exists.

### II. DIVERSITY JURISDICTION

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Continental alleges that the court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states. For a case to be

removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a), (c). Additionally, a diversity action is only removable "if none of the parties in interest properly joined is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The burden of proving that federal jurisdiction exists rests on the removing party. *De Aguilar v. Boeing Co.* (*"De Aguilar II"*), 47 F.2d 1404, 1408 (5th Cir. 1995). "Any ambiguities should be . . . strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### III. ANALYSIS

Here, plaintiffs do not contest that the amount in controversy is satisfied in this case. Instead, plaintiffs assert that Continental has not provided sufficient evidence to establish that its principal place of business is Illinois for purposes of the "nerve center" test and, therefore, that Continental has not satisfied its burden of establishing complete diversity of citizenship. For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Recently, the Supreme Court coined the "nerve center" test that places a corporation's "principal place of business" in the state "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, ⎯ U.S. ⎯, ⎯, 130 S.Ct. 1181, 1192 (2010).

Continental has presented affidavit evidence that it merged with United Air Lines on October 1, 2010. Dkt. 1-2. Since that time, Continental has been owned by United Continental Holdings, which "controls, directs, and coordinates Continental's activities." *Id*. While Continental maintains a "hub" in Houston, Texas, all of Continental's key management personnel work in Chicago, Illinois, and all critical business functions are directed from the company's Chicago headquarters. *Id*. On

an identical factual record, Judge Rosenthal recently found that Continental's post-merger principal place of business is Illinois because "the actual center of the company's direction, control, and coordination is Chicago, Illinois." *Avalos v. Continental Airlines, Inc.*, 2011 WL 2357374 at * 2 (S.D.Tex., June 10, 2011). The facts presented in this case warrant the same conclusion. Therefore, complete diversity exists in this case between the Texas plaintiffs and Continental. The motion to remand (Dkt 2) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on April 23, 2012.

_____
Gray H. Miller
United States District Judge