UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNINGS NARANJO, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-00657 |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court are three motions: (1) Continental Airlines, Inc.'s ("Continental") motion for partial summary judgment, Dkt. 42; (2) plaintiffs Jennings Neal & Mary Ann Naranjo's ("Naranjo" or "plaintiffs") cross-motion for partial summary judgment, Dkt. 44; and (3) Continental's motion to compel a Rule 35 mental examination and leave to file an expert report. Dkt. 41. After considering the motions, responses, record evidence, and applicable law, Continental's motion for partial summary judgment (Dkt. 42) is **GRANTED**. Plaintiffs' motion for partial summary judgment (Dkt. 44) is **DENIED**. Continental's motion to compel and for leave to file an expert report (Dkt. 41) is **GRANTED**.

### I. THE MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Continental moves for partial summary judgment on grounds that the Montreal Convention (the "Convention") governs plaintiffs' claims, which arise from an alleged incident on a transatlantic flight, and the Convention does not permit the recovery of punitive, exemplary, or other non-compensatory damages. Dkt. 42 at 6. Plaintiffs agree that the Convention precludes recovery of punitive damages for their claims, but plaintiffs disagree that summary judgment is the proper procedural vehicle to decide the issue. Dkt. 44 at 2.

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment, "identifying each claim or defense–*or the part of each claim* or defense–on which summary judgment is sought." FED. R. CIV. P. 56(a) (emphasis added). This language, which indicates the availability of a partial motion for summary judgment, naturally allows a motion for judgment on damages, and the Fifth Circuit has upheld the grant of summary judgment on the issue of punitive damages. *See Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 753 (5th Cir. 2002) (upholding the district court's partial summary judgment order when plaintiffs failed to raise a genuine dispute of material fact regarding defendant's purported conscious disregard of plaintiff's rights). Accordingly, Continental's motion for partial summary judgment (Dkt. 42) is **GRANTED**.

Moreover, on March 11, 2013, plaintiffs moved for partial summary judgment on the issue of Continental's liability, claiming that Continental's motion for summary judgment contains facts that establish Continental's liability under the Convention. Dkt. 44 at 2–3. But as a threshold matter, plaintiffs filed their motion four days after the motions deadline in the Rule 16 scheduling order, and they provided no justification for failing to file their motion in a timely manner. *Spooner v. Jackson*, 251 F. App'x 919, 924 (5th Cir. 2007) (upholding denial of a motion for summary judgment on untimeliness grounds when movant failed to offer any excuse for delay in filing). Plaintiffs thus have not established good cause for their delay, and their motion for partial summary judgment (Dkt. 44) is **DENIED**.

**II.  CONTINENTAL'S MOTION TO COMPEL AND FOR LEAVE**

Continental moves to compel a mental examination, under Rule 35, of plaintiff Jennings Neal Naranjo ("Mr. Naranjo") and moves for leave to file the expert report of Dr. Priscilla Ray. Dkt. 41. Plaintiffs oppose Continental's motion on grounds that it is untimely and does not establish good cause for an examination at this stage of the litigation. Dkt. 43.

Rule 35 of the Federal Rules of Civil Procedure allows a court to order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control." FED. R. CIV. P. 35(a). This order "may only be made on motion for good cause shown." *Id.* Further, this "good cause" requirement of Rule 35(a) cannot be "met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234 (1964). Courts have found that good cause for a mental evaluation exists when a party alleges a "specific mental or psychiatric injury." *Harris ex rel. P.H. v. Fort Bend Indep. Sch. Dist.*, No. H-07-635, 2007 WL 7238941, at *1 (S.D. Tex. Dec. 27, 2007) (collecting cases).

Here, although Mr. Naranjo asserted vague claims of emotional damages in early pleadings, he claimed for the first time at his deposition that he suffered a fear of flying, depression, post-traumatic stress disorder, anger, and hypervigilance. At that deposition, which occurred within the discovery period set in the court's Rule 16 scheduling order, *see* Dkt. 30, Continental was put on notice of specific mental or psychiatric conditions that Mr. Naranjo claimed as support for emotional damages. Continental then timely moved for a Rule 35 examination to permit Dr. Priscilla Ray, a licensed psychiatrist, the opportunity to examine Mr. Naranjo as to these specific alleged conditions. Further, even though Dr. Ray's proposed expert report will be filed after the original expert designation deadline, the court finds that in the circumstances of this case, when the mental condition of the plaintiff became apparent late in the discovery period and after a change of defendants, Continental has shown good cause for the delay in Dr. Ray's report and has provided proper notice

to the parties and person to be examined. Accordingly, Continental's motion for a Rule 35 examination and for leave (Dkt. 41) is **GRANTED**.

### III. CONCLUSION

Continental's motion for partial summary judgment on the issue of punitive damages (Dkt. 42) is **GRANTED**. Plaintiffs' motion for partial summary judgment on the issue of liability (Dkt. 44) is **DENIED**. Continental's motion for a Rule 35 examination and for leave to file the expert report of Dr. Priscilla Ray (Dkt. 41) is **GRANTED**.

It is **ORDERED** that plaintiff Jennings Neal Naranjo submit to a mental examination by Dr. Priscilla Ray on or before March 29, 2013, at Dr. Priscilla Ray's offices. The scope of the mental examination shall be limited to inquiry to any specific mental or psychiatric injuries that Mr. Naranjo claims are attributable to any act or omission of Continental, as well as any conditions or behaviors that Mr. Naranjo possesses that impact or affect his alleged mental or psychiatric injuries and recovery therefrom.

It is further **ORDERED** that Continental is granted leave to file the expert report of Dr. Priscilla Ray beyond the January 4, 2013 expert report deadline. Continental shall file Dr. Ray's expert report within ten days of the completion of Mr. Naranjo's mental examination.

It is so **ORDERED**.

Signed at Houston, Texas on March 13, 2013.

_____
Gray H. Miller
United States District Judge